UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────X

ROBERT W. ANDRUZZI,

                Appellant-Defendant,

          -against-

ROBERT W. PRYOR,

                Respondent-Plaintiff.
──────────────────────────────────X

**OPINION & ORDER**
07-CV-452 (SJF)

FEUERSTEIN, J.

I.    Introduction

Appellant-Defendant Robert W. Andruzzi ("Appellant") moves for an order for an extension of time to perfect his appeal from an order of the Bankruptcy Court entered December 6, 2006.

II.    Facts

On December 18, 2006, the last day to appeal the Bankruptcy Court's Order and Judgment, a Notice of Appeal was filed by Appellant. Under Bankruptcy Rule 8006, Appellant was required to file with the Clerk, and serve on the undersigned, within ten (10) days after the filing of the Notice of Appeal, a designation of the items to be included in the record on appeal, and a statement of the issues to be presented. Those documents were due to be served and filed no later than December 28, 2006. To date, Bankruptcy Rule 8006 has not been complied with: (1) there has been no designation of items to be included in the record on appeal, and (2) no statement of the issues to be presented served or filed. Appellant's attorney Joseph C. Andruzzi ("Attorney Andruzzi") had an obligation to be aware of the requirements of Bankruptcy Rule

8006, and any claim that he did not receive the court notices issued December 19, 2006 and February 1, 2006, by the Appeals Clerk for the Bankruptcy Court does not excuse his failure to comply with Bankruptcy Rule 8006. The February 1, 2007 notice from the Bankruptcy Clerk is entitled "Transmittal of Incomplete Record on Appeal (ECF Case)," and gives notice that "Appellant has not filed a Designation of Record and Statement of Issues with items designated to be included in the record, required pursuant to Bankruptcy Rule 8006." The docket entry for that notice shows it was served by e-mail on Kenneth C. Henry, the attorney electronically filing the documents with the courts for Attorney Andruzzi. The February 1, 2007 notice also appears on this Court's docket on the appeal.

Indeed, despite receiving the Motion to Dismiss by mail as well as electronic filing to the designated ECF filer, Attorney Andruzzi still failed to file and serve a statement of issues on appeal and a designation of the record on appeal.

Further, Appellant has also failed to timely file his brief on appeal pursuant to Bankruptcy Rule 8009.

It is noted that Appellant also delayed making this application for an extension of time until after his time to perfect the appeal had expired.

In sum, Appellant's letter application offers no valid excuse for having failed to comply with Bankruptcy Rules 8006 and 8009, despite notices from both the Bankruptcy Court and this Court, no excuse for having failed to timely perfect this appeal, and no excuse for failing to timely respond to the Motion to Dismiss.

Moreover, and contrary to the contention of Kenneth C. Henry on behalf of Appellant, the submission of Appellee's counsel does not raise "novel allegations of fact or law."

III. Conclusion

In spite of the rambling and often irrelevant application by counsel for Appellant, the application is GRANTED only to the extent that Appellant is granted ten (10) days from the date of this Order to perfect his appeal. No further adjournments will be granted.

IT IS SO ORDERED.

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: March 12, 2007
Central Islip, New York

Copies:

Joseph C. Andruzzi
Law Office of Joseph C. Andruzzi
Two Lincoln Gate Blvd.
Plainview, NY 11803

Kenneth C. Henry, Jr.
Blodnick, Gordon, Fletcher & Sibell, P.C.
4250 Veterans Memorial Hhighway
Suite 295e
Holbrook, NY 11741

A. S. Mandelup
Pryor & Mandelup, L.L.P.
675 Old Country Road
Westbury, NY 11590