UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ROBERT W. ANDRUZZI,

                Appellant-Defendant,

-against-

ROBERT W. PRYOR,

                Respondent-Plaintiff.
-------------------------------------------------------------X

**OPINION & ORDER**
07-CV-452 (SJF)

FEUERSTEIN, J.

I.     Introduction

By notice of motion dated February 12, 2007, respondent Robert W. Pryor ("Respondent") moved for an order, pursuant to Rules 8006, 8011, and 9006 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), dismissing the instant appeal on the grounds that appellant Robert W. Andruzzi ("Appellant") had failed to timely file and serve a designation of items to be included in the record on appeal and a statement of issues to be presented, as required by Bankruptcy Rule 8006. Both were due to be served and filed on or before December 28, 2006. The motion to dismiss the appeal was opposed by Appellant. Respondent's reply advised the Court that Appellant also failed to timely file a brief on appeal, which, under Bankruptcy Rule 8009(a)(1), was due to be served and filed on or before February 18, 2007. The fully briefed motion was submitted to the Court on March 2, 2007.

By application dated February 28, 2007, Appellant requested an extension of time to perfect this appeal which was opposed by Respondent. By Opinion & Order dated March 12,

-1-

2007, the Court granted Appellant's request for an extension, "only to the extent that Appellant is granted ten (10) days from the date of this Order to perfect this appeal. No further adjournments will be granted." Andruzzi v. Pryor, No. 07-CV-452, slip op. at 3 (E.D.N.Y. Mar. 12, 2007).

On March 25, 2007, Appellant filed documents purportedly constituting the record on appeal. On March 26, 2007, Appellant filed the designation, statement, and brief and affidavits of service stating that the record on appeal, designation, statement, and brief were served by mail on Respondent on March 26, 2007.

II. Parties' Contentions

Respondent claims that Appellant has failed to timely perfect this appeal pursuant to this Court's Opinion & Order, granting Appellant a final ten (10) day extension of time in which to perfect. According to Respondent, Appellant perfected this appeal four (4) days after the ten (10) day period ended on March 22, 2007. Accordingly, Respondent contends that the motion to dismiss should be granted. See Letter from A. Scott Mandelup to Court, dated March 26, 2007 (ct. doc. 24).

Appellant claims that, pursuant to Local Rule of the United States District Courts for the Southern and Eastern Districts of New York 6.4, the ten (10) day period ended on March 26, 2007. Accordingly, Appellant argues that the motion to dismiss should be denied. See Letter from Joseph C. Andruzzi to Court, dated March 27, 2007 (ct. doc. 25).

III. Analysis

    A. Timeliness of Appellant's Submission

Appellant admits that he perfected this appeal on March 26, 2007, more than ten (10) days after the date of this Court's March 12, 2007 Opinion & Order. Nevertheless, Appellant

claims that Local Rule 6.4 applies to the Opinion & Order and thereby makes Rule 6(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") applicable. Under Fed. R. Civ. P. 6(a), intermediate Saturdays and Sundays would be omitted from the computation of ten (10) days from the date of the Opinion & Order. Appellant is incorrect.

First, Fed. R. Civ. P. 6 is not applicable. Local Rule 6.4 "Computation of Time" provides: "In computing any period of time prescribed or allowed by the Local Civil Rules or the Local Admiralty and Maritime Rules, the provisions of Federal Rule of Civil Procedure 6(a) and 6(e) shall apply unless otherwise stated." However, the relevant period of time to file, ten (10) days from the date of the Opinion & Order, was not "prescribed" by the Local Civil Rules, but rather by this Court's Order.

Further, the Court could have ordered filing within "ten (10) business days" or extended the time to perfect for "fourteen (14) days" after the date of the Opinion & Order or referred to the Local Rule.

Second, the Federal Rules of Civil Procedure do not apply to an appeal from an order of the Bankruptcy Court. Since a district court is functioning as an appellate court in a bankruptcy proceeding, the Federal Rules of Bankruptcy Procedure apply. Accordingly, Bankruptcy Rule 9006(a) governs questions of computation of time. See Ben-Baruch v. Island Properties, --- B.R. ----, 2007 WL 530031, at *2 (E.D.N.Y. Feb. 1, 2007) (collecting cases). Under Bankruptcy Rule 9006(a), when the time prescribed is more than eight (8) days, the day of the act or event (here, the date of the Opinion & Order) is excluded; intermediate Saturdays, Sundays, and legal holidays are included; and the last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or a day in which the clerk's office is inaccessible due to weather or other

conditions. Fed. R. Bankr. P. 9006(a).[1]

Thus, under Bankruptcy Rule 9006, intermediate Saturdays and Sundays do not count in the computation of time from the March 12 date of the Court's Opinion & Order. March 22 (which was neither a Saturday, Sunday, legal holiday, nor a date in which the clerk's office was inaccessible due to weather or other conditions) was thus the last day of the ten (10) day extension to perfect this appeal. Therefore, Appellant failed to comply with the Court's Order and his submissions are untimely.

B.    Motion to Dismiss

Bankruptcy Rule 8006 requires, *inter alia,* an appellant to "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within ten (10) days after filing the notice of appeal. Fed. R. Bank. P. 8006. The filing requirements under Bankruptcy Rule 8006 are "quite clear," Lynch v. United States (In re Lynch), 430 F.3d 600, 604 (2d Cir. 2005), and "a bankruptcy appeal cannot proceed without a Designation and Statement . . . ." Id. at 605. It is undisputed that Appellant did not file and serve a designation and statement of the issues within the time allotted by Bankruptcy Rule 8006.

---

[1] Fed. R. Bankr. P. 9006(a) provides, in relevant part:

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

Nevertheless, Bankruptcy Rule 9006 states, *inter alia*, that

> when an act is required or allowed to be done at or within a specified period by these rules . . . , the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). See Lynch, 430 F.3d at 603-04 (interpreting and applying Fed. R. Bankr. P. 9006(b)(1)).[2]

The Supreme Court elaborated upon the "excusable neglect" standard in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993). Pioneer provided that the determination of whether to permit an untimely action must be made "taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395. In Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250-51 (2d Cir. 1997), the Second Circuit read Pioneer to permit courts to disallow untimely acts, as a general rule, when a party fails to follow clear rules.[3]

On February 28, 2007, after the time to perfect this appeal had already expired, Appellant requested an extension of time to serve a designation and statement of the issues. The March 12, 2007 Opinion & Order did not explicitly address the excusable neglect standard but stated:

---

[2] Cf. In re Harris, 464 F.3d 263, 270 n. 5 (2d Cir. 2006) (Bankruptcy Rule 9006 and Lynch's holding not at issue because "[u]nlike the situation in Lynch, Harris *did* file a timely record and designation. Because it was the contents of the filings that were at issue rather than the timeliness of the filings, Rule 9006, which concerns when a court should excuse a missed deadline, is not applicable.") (italics in original).

[3] See Lynch, 430 F.3d at 604 ("We believe that Canfield's gloss on Pioneer, albeit made in another context, must also govern the meaning of excusable neglect in the context of Pioneer itself-that is, bankruptcy, and specifically, the interpretation of Rule 9006(b)(1).").

> In sum, Appellant's letter application offers no valid excuse for having failed to comply with Bankruptcy Rules 8006 and 8009, despite notices from both the Bankruptcy Court and this Court, no excuse for having failed to timely perfect this appeal, and no excuse for failing to timely respond to the Motion to Dismiss.

Andruzzi v. Pryor, No. 07-CV-452, slip op. at 2 (E.D.N.Y. Mar. 12, 2007). Clearly, the Court did not find that the "excusable neglect" standard had been satisfied and therefore, the Court could have dismissed the appeal. See In re Tampa Chain Co., 835 F.2d 54, 55 (2d Cir. 1987) (holding that bad faith, negligence and indifference regarding deadlines are proper grounds for dismissal of a bankruptcy appeal). Nevertheless, despite its inclinations to the contrary and Respondent's objections, the Court exercised its equitable powers and granted Appellant a ten (10) day extension to perfect this appeal. Appellant failed to perfect this appeal within the time allotted by the Court.

Appellant has, again, failed to satisfy the "excusable neglect" standard. As the Second Circuit has remarked, "failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect." Lynch, 430 F.3d at 604 (quoting Canfield, 127 F.3d at 250-51). Appellant had "ten (10) days from the date" of the Court's Opinion & Order to perfect this appeal. Despite this clear language, and the clear provisions of the Bankruptcy Rules, of which Appellant was aware, Appellant failed to timely serve a designation and statement of the issues. Based on Appellant's failure to comply with this Court's March 12, 2007 Opinion & Order, Respondent's motion to dismiss is granted. See Fed. R. Bank. P. 8001(a) ("[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.").

IV.  Conclusion

Appellant has failed to timely perfect this appeal within the 10 (ten) day extension granted by this Court on March 12, 2007. Therefore, Respondent's motion to dismiss the appeal is GRANTED. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: April 4, 2007
Central Islip, New York

Copies:

Joseph C. Andruzzi
Law Office of Joseph C. Andruzzi
Two Lincoln Gate Blvd.
Plainview, NY 11803

Kenneth C. Henry, Jr.
Blodnick, Gordon, Fletcher & Sibell, P.C.
4250 Veterans Memorial Hhighway
Suite 295e
Holbrook, NY 11741

A. Scott Mandelup
Pryor & Mandelup, L.L.P.
675 Old Country Road
Westbury, NY 11590